UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREDERICK S. TAYLOR,

     Plaintiff,

v.                                                    Case No.:  2:22-cv-135-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## **OPINION AND ORDER**

Plaintiff Frederick S. Taylor seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.  **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

A.  **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

B.  **Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.      Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on August 12, 2020, alleging disability beginning June 20, 2020. (Tr. 95, 234-38). The application was denied initially and on reconsideration. (Tr. 95, 119). Plaintiff requested a hearing and on August 26, 2021, a hearing was held before Administrative Law Judge Charles Arnold ("ALJ"). (Tr. 34-53). On September 22, 2021, the ALJ entered a decision finding Plaintiff not under a disability from June 20, 2020, through the date of the decision. (Tr. 15-28).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on January 6, 2022. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on March 2, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 13).

### D.      Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2024. (Tr. 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 20, 2020, the alleged onset date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: "depression and anxiety; h/o spinal compression fracture; and degenerative disc disease." (Tr. 17).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 18).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) except can only perform low stress work defined as work that has no high production demands, entails only simple routine repetitive tasks with simple-type job instructions, and only occasional interaction with others at the worksite; and must be afforded a sit/stand option at 30-minute intervals he is able to switch positions to relieve pain for a few minutes or more, but is able to continue working while switching position.

(Tr. 20).

At step four, the ALJ found Plaintiff was unable to perform any past relevant work as an electrician. (Tr. 26). At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (43 years old on the alleged disability onset date), education (at least high school), work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 26-27). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1)   eye glass frame polisher, DOT 713.684-038,[1] sedentary, SVP 2

(2)   document preparer, DOT 249.587-018, sedentary, SVP 2

(3)   addresser, DOT 209.587-010, sedentary, SVP 2

(Tr. 27). The ALJ concluded that Plaintiff had not been under a disability from June 20, 2020, through the date of the decision. (Tr. 27).

## II.   Analysis

On appeal, Plaintiff raises two issues: (1) whether the ALJ erred in omitting an assistive-device limitation in the RFC; and (2) whether the ALJ erred in assessing Plaintiff's subjective complaint and in failing to consider Plaintiff's stellar work history. (Doc. 15, p. 1).

### A.   Assistive Device

Plaintiff contends that even though the ALJ acknowledged a doctor's order detailing the need for a cane and Plaintiff's slow and antalgic gait, he did not include any limitation in the RFC for the use of a cane. (Doc. 15, p. 7). The Commissioner claims that the ALJ recognized that despite Plaintiff appearing at times with a cane, many of Plaintiff's medical records documented that he had a normal gait and these records did not document that Plaintiff required an assistive device. (Doc. 18, p. 11). The Commissioner contends that the ALJ properly applied SSR 96-9 to find Plaintiff did not require the use of an assistive device. (Doc. 18, p. 11).

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

For a hand-held assistive device to be found medically necessary, medical documentation must "establish[] the need for a hand-held assistive device to aid in walking or standing, and describ[e] the circumstances for which it is needed (i.e., all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374185, *7 (1996). When the record establishes a plaintiff needs a hand-held assistive device, the ALJ "must always consider the particular facts of a case" and determine the circumstances under which it is required. *Id.*

In the decision, the ALJ discussed Plaintiff's testimony that he was able to walk short distances, but for anything more, he needed to use a cane. (Tr. 21). The ALJ also acknowledged that the record demonstrated an order detail for a walking cane. (Tr. 22, 23, 24). The ALJ noted that at times, Plaintiff "demonstrated a slow and antalgic gait with a cane, and had positive facet loading and straight leg raising on the right, as well as giveaway weakness. He also had some difficulty with heel and toe walking. " (Tr. 22). In contrast to these reports, the ALJ noted that at times, Plaintiff had negative straight leg raising, and a steady gait with no assistive device. (Tr. 22). Interestingly, the ALJ found the multiple medical source opinions that Plaintiff was capable of lifting at a medium physical level unpersuasive based partly on the record demonstrating an order detail for a walking cane, and on Plaintiff's demonstrated slow and antalgic gait with a cane, some difficulty with heel and toe

walking, positive facet loading, positive straight leg raising on the right, as well as giveaway weakness. (Tr. 23-25).

The ALJ did not, however, reconcile the order detail for a walking cane with the failure to include any mention of a cane in the RFC. After noting the order detail for a walking cane, the ALJ simply concluded that he limited Plaintiff to sedentary work with a sit/stand option. (Tr. 23-26). The Commissioner posits that "the ALJ recognized that despite Plaintiff appearing at times with a cane, many of Plaintiff's medical records documented that he had a normal gait and did not document that he required an assistive device." (Doc. 18, p. 11). Even assuming this may be true, the ALJ never provided even this minimal explanation as to why the RFC did not include the use of a cane. "If an action is to be upheld, it must be upheld on the same bases articulated in the agency's order." *Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010). Here, the Commission engaged in post hoc rationalization, which does not provide a basis for judicial review of the administrative decision. *Id.* Basically, the ALJ did not determine the circumstances, if any, under which a walking cane would be required. And the error is not harmless because the vocational expert testified that the three listed jobs, eyeglass frame polisher, document preparer, and addresser cannot be performed if an individual needs to use a cane for balance, such as alleged here. (Tr. 51-52). Thus, the action is remanded to

consider whether the use of a walking cane would be necessary when performing work.

### B.    Subjective Complaints

Plaintiff argues that the ALJ erred in not discussing Plaintiff's strong work history when considering his subjective complaints. (Doc. 15, p. 9). While prior work history is a consideration in evaluating a claimant's subjective complaints, the Eleventh Circuit has not had an occasion to determine whether an ALJ's failure to consider a claimant's lengthy work history in evaluating a claimant's subjective symptoms is erroneous. *Mahon v. Comm'r of Soc. Sec.*, No. 8:16-cv-1462-T-JSS, 2017 WL 3381714, at *10 (M.D. Fla. Aug. 7, 2017); *Wilson v. Soc. Sec. Admin., Comm'r*, No. 4:18-CV-00407-JHE, 2020 WL 1285927, at *6 (N.D. Ala. Mar. 16, 2020). Because this matter is being remanded on other grounds, the Commissioner will also reevaluate Plaintiff's subjective complaints and his work history.

### III.   Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to consider the use of an assistive device, and reconsider Plaintiff's subjective complaints. The Clerk of Court is

directed to enter judgment consistent with this opinion, terminate any motions and

deadlines, and afterward close the file.

     **DONE** and **ORDERED** in Fort Myers, Florida on September 22, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Counsel of Record
Unrepresented Parties